


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GUADALUPE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>J. BERG, R. BENDT, TODD DUNCAN, GREGORY A. KIZZIAH, M. SMITH, STEVE MERTENS,<br><br>Defendants. | 4:16-CV-04038-KES<br><br>ORDER DIRECTING SERVICE |

Plaintiff, Guadalupe Gonzalez, is an inmate at FCI-Sandstone in Sandstone, Minnesota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and paid his filing fee. Docket 1; Docket 3. The court has now screened Gonzalez's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, Gonzalez's claims survive screening.

**FACTUAL BACKGROUND**

Gonzalez was arrested in Texas for possession with intent to distribute, and he pleaded guilty. Docket 1 at 3 ¶ 1. He was transferred from a federal prison in Texas to FCI Loretto in Pennsylvania, a lower security prison, and finally to FPC Yankton, South Dakota, in 2012. *Id.* at 4 ¶ 2. When Gonzalez arrived at Yankton, prison officials refused to let him bring in a book called FAR/AIM, which outlines federal aviation rules and regulations. *Id.* FCI Loretto had allowed him to keep the book. *Id.*

Gonzalez filed grievances through the prison administrative remedy system and argued that the book was not prohibited under prison rules. *Id.* at 4 ¶ 3. He also pointed out that white inmates were allowed to have FAR/AIM and similar books, and the library at FPC Yankton made pilot training manuals available to inmates. *Id.* at 5-6 ¶¶ 6-7, 12 ¶ 9. Prison officials told Gonzalez he could not have the book because it contained a correspondence course, *id.* at 11 ¶ 7, and posed a security risk to the prison. *Id.* at 13 ¶ 10.

After Gonzalez filed numerous grievances, prison officials allegedly took action against him. R. Bendt, counselor at FPC Yankton, refused to give Gonzalez forms to file more grievances. *Id.* at 7 ¶ 10, 8 ¶ 11. Gonzalez eventually went over Bendt's head to Warden Willis, who forced Bendt to relent and give Gonzalez grievance forms. *Id.* Prison officials took away Gonzalez's job without reason or justification. *Id.* Defendants wrote numerous incident reports against Gonzalez for allegedly fictitious charges, all of which were expunged from his record because there was no evidence to support them. *Id.* at 8 ¶¶ 11-12. After all of this, Gregory A. Kizziah transferred Gonzalez to FCI Sandstone based on these fictitious incident reports. *Id.* at 21 ¶ 1.

On March 17, 2016, Gonzalez filed this complaint. Docket 1. In his complaint, he alleges that defendants violated his equal protection rights and retaliated against him for exercising his constitutionally protected right to file grievances. *Id.* at 20-21 ¶ 1. Gonzalez seeks damages for his "mental anguish" and states he suffered injuries including "tension headaches, sleep difficulties,

decreased energy, and a depressed mood." *Id.* at 21 ¶ 1. For relief, he requests twenty-five million dollars. *Id.* at 21-22 ¶ 1.

**LEGAL STANDARD**

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this court must screen prisoner claims and determine whether they are (1) frivolous, malicious, or fail to state a claim on

which relief may be granted; or (2) seek monetary relief from a defendant who is immune. *See Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

**DISCUSSION**

Gonzalez raises two claims in his complaint. He alleges that defendants Bendt and Duncan violated his equal protection rights by discriminating against him because of his race. Docket 1 at 20 ¶ 1. He also alleges that defendants Berg, Smith, Mertens, and Kizziah retaliated against him for exercising his constitutional rights. *Id.* at 20-21 ¶ 1.

## I. Gonzalez States an Equal Protection Claim

Gonzalez claims that defendants violated his rights under the Equal Protection Clause. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citation omitted). To establish "an equal protection claim, a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right.' " *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (quoting *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006)). Race is a suspect classification. *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

Gonzalez states a viable equal protection claim. According to his complaint, a white inmate was allowed to keep a handbook similar to

FAR/AIM, the book he was denied. Docket 1 at 5 ¶ 6. Another white inmate received FAR/AIM through the mail room at FPC Yankton in December 2011. *Id.* at 6 ¶ 7. Most importantly, Bendt, one of the prison officials that denied Gonzalez's request, authorized a white inmate to purchase the same book. *Id.* Gonzalez also alleges that defendants told him that they denied his request for FAR/AIM because it posed a security risk to the institution. *Id.* at 13 ¶ 10. But neither the book, the information in the book, nor Gonzalez was deemed a security threat in any other situation. Training manuals for pilots are available in the library at FPC Yankton, *id.* at 12 ¶ 9, and, as detailed above, white inmates are allowed FAR/AIM and similar books. Also, Gonzalez was allegedly transferred to FCP Yankton without a security escort. *Id.* at 13 ¶ 10. Gonzalez claims that he is treated differently than other inmates because of his race. *Id.* at 12 ¶ 10. Therefore, he states a viable equal protection claim.

## II. Gonzalez States Retaliation Claims

Gonzalez's complaint states viable retaliation claims.

> In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, [Gonzalez] must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.

*Spencer v. Jackson Cty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (quotations omitted). "The retaliatory conduct itself need not be a constitutional violation; the violation is acting in retaliation for 'the exercise of a constitutionally

protected right.' " *Id.* (quoting *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001)).

**A. Retaliation for Engaging In Protected Activity**

Gonzalez alleges that he filed grievances against defendants. Docket 1 at 17 ¶ 3. Filing a prison grievance is protected First Amendment activity. *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (citing *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007)). In retaliation, Gonzalez claims that defendants denied him further administrative remedy forms, Docket 1 at 17 ¶ 3, and removed him from his job. *Id.* at 17 ¶ 4. Gonzalez states a viable retaliation claim.

**B. Retaliatory Discipline**

Gonzalez also claims that defendants wrote false incident reports against him because he filed grievances. "A prisoner has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials." *Santiago v. Blair*, 707 F.3d 984, 993 (8th Cir. 2013) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). Gonzalez claims that defendants Berg, Smith, and Mertens filed "fictitious incident reports" against him because he filed grievances against prison staff. Docket 1 at 20-21 ¶ 1. He alleges that there were numerous incident reports filed against him after he grieved the FAR/AIM issue, that there was no legitimate reason for these reports, and that the reports were all

expunged because they were baseless. *Id.* at 18 ¶ 6, 19 ¶¶ 7-8, 20 ¶ 10. Gonzalez raises a viable claim for retaliatory discipline.

**C. Retaliatory Transfer**

Gonzalez's claims he was transferred from FPC Yankton in retaliation for filing grievances concerning FAR/AIM. The prohibition against disciplining inmates in retaliation for exercising their constitutional rights applies to transfers. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1025 (8th Cir. 2012); *Sisneros v. Nix*, 95 F.3d 749, 751 (8th Cir. 1996). Gonzalez alleges that Kizziah authorized his transfer from FPC Yankton based on fictitious incident reports. Docket 1 at 21 ¶ 1. Gonzalez raises a viable claim for retaliatory transfer.

**CONCLUSION**

For the reasons explained above, Gonzalez's complaint states viable equal protection and retaliation claims. Therefore, it is ORDERED

1. Gonzalez's claims survive screening under 28 U.S.C. § 1915A.
2. The Clerk shall send blank summons forms to Gonzalez so he may cause the summons and complaint to be served upon the defendants.
3. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Gonzalez. All costs of service shall be advanced by the United States.
4. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

5. Gonzalez will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.
6. Gonzalez will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated March 29, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE