UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GUADALUPE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>J. BERG, R. BENDT, TODD DUNCAN, GREGORY A. KIZZIAH, M. SMITH, STEVE MERTENS,<br><br>Defendants. | 4:16-CV-04038-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

Plaintiff, Guadalupe Gonzalez, is an inmate at FCI-Sandstone in Sandstone, Minnesota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Defendants now move to dismiss the complaint under the Prison Litigation Reform Act of 1995 and Federal Rule of Civil Procedure 12(b)(6). Docket 14. For the following reasons, defendants' motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

On March 17, 2016, Gonzalez filed a complaint under § 1983 and attached a number of documents. Docket 1. The court screened his complaint under 28 U.S.C. § 1915A, and found that the claims survived screening. Docket 4. The court found that Gonzalez had stated a claim under the Equal Protection Clause and claims of retaliation for engaging in protected activity, retaliatory discipline, and retaliatory transfer. *Id.*

Now, defendants move to dismiss. Docket 14. They argue that Gonzalez failed to exhaust his claims, that his claims are barred by the statute of limitations, and that Gonzalez has failed to state a claim upon which relief may be granted. Docket 15. Gonzalez responded[1] to defendants' motion, arguing that he had exhausted his claims, his failure to exhaust should be excused, he was not barred by the statute of limitations, and he stated a claim. Docket 18.

## LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a claim if the claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court considers only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense and viewing plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quotation omitted).

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835,

---

[1] Gonzalez filed what he titled a "PLAINTIFF'S MOTION IN RESPOND TO THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT." Docket 17. The court construes this as a response to defendants' motion to dismiss.

839 (8th Cir. 2004). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

### I.   Exhaustion

Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted this as mandatory language stating that an inmate may not bring any action "absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). Defendants agree that Gonzalez exhausted his equal protection claim concerning the FAR/AIM denial. Therefore, the court will discuss whether Gonzalez exhausted his retaliation claims.

The Bureau of Prisons has a four-tiered administrative procedure to respond to prisoner grievances. Docket 16 ¶ 7. The first step is a request for an informal resolution (BP-8). *Id.* ¶ 8. The second step is a formal request for an administrative remedy (BP-9). *Id.* The third step is an appeal to the regional director (BP-10). *Id.* The fourth and final step is to file a central office administrative remedy appeal (BP-11). *Id.*

#### A.   Retaliation for Filing Grievances

In its Order Directing Service, the court found that Gonzalez stated a claim that he was retaliated against for filing prison grievances (Administrative

3

Remedy Claims 78574 and 786567) because defendants discriminated against him, reassigned his work detail, and denied him administrative remedy forms. *See* Docket 4 at 6. Gonzalez did not appeal either grievance to the final stage of the appeals process. In her declaration, Paralegal Specialist for the Consolidated Legal Center Shannon Boldt states that Gonzalez failed to appeal the grievance concerning his work reassignment past the BP-10 level, Docket 16 ¶ 33, and the documents attached to Gonzalez's complaint show this failure as well. Docket 1-18. Although defendants do not raise the issue in their memorandum, Bodlt's declaration and Gonzalez's attachments show that he also failed to fully grieve the denial of administrative remedy forms issue. Docket 1-17 at 8; Docket 16 ¶ 30.

      Gonzalez argues that exhaustion does not bar these two claims because Bendt refused to give him a BP-11 form that is necessary for an appeal to the Central Office. Docket 18 at 5; Docket 1 at 17. The Supreme Court has held that "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" administrative remedies are unavailable and "§ 1997e(a) poses no bar." *Ross*, 136 S. Ct. at 1860. Gonzalez alleges that he was refused a BP-11 form to appeal his grievances concerning retaliation in the denial of forms and work detail reassignment. This constitutes defendants' machinations thwarting Gonzalez. Therefore, these two claims are not dismissed as barred under § 1997e(a).

4

### B. Retaliatory Discipline

In his complaint, Gonzalez alleged that four incident reports were unconstitutionally retaliatory. Docket 1 at 18-19. He failed to exhaust his grievances concerning the August 6, 2014, and July 9, 2015, incidents because he failed to file a BP-11 form for either grievance. Docket 16-10; Docket 16-13. Neither Gonzalez nor defendants discuss exhaustion in relation to the other two incident reports; however, defendants argue that Gonzalez failed to exhaust his remedies in regard to his complaints of retaliatory discipline in general. Docket 15 at 13.

Gonzalez supplied his incident reports and argues that his retaliation claim was exhausted even though he did not appeal to the highest level because his incident reports were expunged. Docket 18 at 7. He argues that the issues were resolved, so he did not appeal them. *Id.* But if the issues were resolved, then Gonzalez would have no reason to file this § 1983 lawsuit. The retaliatory discipline issues he raises in this lawsuit and the relief he seeks were not properly exhausted in the prison administrative remedy system. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court"). Therefore, these claims are dismissed.

### C. Retaliatory Transfer

Gonzalez failed to exhaust his administrative remedies concerning his claim for retaliatory transfer. He argues that the expungement of the incident

5

reports shows that the transfer was retaliatory, but he does not argue that he exhausted his remedies. Docket 18 at 8. Therefore, his retaliatory transfer claim is dismissed.

## II.    Statute of Limitations

Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Mountain Home Flight Serv., Inc. v. Baxter County*, 758 F.3d 1038, 1044 (8th Cir. 2014) (citation omitted). Under South Dakota law, "[f]ederal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred." *Sisney v. Best Inc.*, 754 N.W.2d 804, 809 (S.D. 2008) (citing SDCL 15–2–15.2). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[I]t is 'the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]' " *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Defendants argue that Gonzalez failed to file his § 1983 case before the three-year statute of limitations applicable to his equal protection claim expired. Defendants denied Gonzalez FAR/AIM when he arrived at Yankton on September 9, 2012, and Gonzalez filed this lawsuit on March 17, 2016, over three years later. Gonzalez argues, however, that the statute of limitations did not begin to run until he fully exhausted his claim on December 2, 2013. If

this were true, his equal protection claim would not be barred by the statute of limitations.

In *Taylor v. Phillips*, No. 1:11-CV-6 SNLJ, 2011 WL 3847410 (E.D. Mo. Aug. 30, 2011), the United States District Court for the Eastern District of Missouri dealt with a similar case. The court dismissed a prisoner's censorship claim as time barred. *Id.* at *1. The prisoner argued that the court should take into consideration the six months it took to grieve his claims through the prison administrative procedure. *Id.* at *2. The court held, "To the extent plaintiff contends that principles of equitable tolling require that the § 1983 statute of limitations be tolled while an inmate exhausts his administrative remedies, the Eighth Circuit has held that it is not." *Id.* (citing *Lown v. Brimeyer*, 956 F.2d 780, 782 (8th Cir. 1992)). In support of this contention, the court noted, " 'Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.' " *Id.* (quoting *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990)).

Gonzalez's equal protection claim is barred by the statute of limitations because his claim accrued on September 2, 2012, he did not file his § 1983 action within three years of that date, and equitable tolling does not apply. Gonzalez argues his claim did not accrue until after he finished the administrative grievance procedure in December 2, 2013. But this situation was not out of Gonzalez's hands. Although he lost over a year of his time to file his claim by going through the grievance process, he still had nearly two years

7

to prepare and file his claim. That is more than enough time. Therefore, the court rejects Gonzalez's argument and finds that his equal protection claim is barred by the statute of limitations.

### III. Failure to State a Claim – Retaliatory Work Reassignment

Defendants argue that Gonzalez fails to state a claim upon which relief may be granted concerning his work reassignment. Gonzalez argues that defendants were aware of the alleged violation because he appealed to them and they failed to remedy the alleged violation. Docket 18 at 12. " 'Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.' " *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Gonzalez fails to establish that Bendt or Duncan played any role in his work reassignment. The attachments to his complaint make it clear that a different officer, not named as a defendant, reassigned his work detail. Docket 1-18. Bendt told Gonzalez only that the officer had "acted appropriately." *Id.* at 4. Gonzalez attributes this statement to both Bendt and Duncan. Docket 1 at 7. By the time Gonzalez had appealed to Bendt and Duncan, the alleged violation of Gonzalez's constitutional rights, that his work detail was changed in retaliation for his filing of grievances, had already occurred. Bendt and Duncan did not play a role in that decision. Further, to the extent that

8

Gonzalez seeks to claim they did not adequately respond to his grievance, he fails to state a claim upon which relief may be granted. *See King v. Houston*, 556 F. App'x 561, 562-63 (8th Cir. 2014) (allegations that prison officials did not adequately consider prisoner's grievances did not state a claim). Therefore, Gonzalez fails to state a claim of retaliation concerning his work reassignment, and this claim is dismissed.

## CONCLUSION

Gonzalez failed to exhaust his claims for retaliatory discipline and retaliatory transfer, and therefore, these claims are dismissed. Gonzalez failed to file his equal protection claim within the statute of limitations, and therefore, this claim is dismissed. Gonzalez failed to allege that defendants took part in his work reassignment. He therefore failed to state a claim, and this claim is dismissed. Although Gonzalez did not appeal his grievance concerning denial of grievance forms in retaliation for filing grievances in order to fully exhaust this claim, he alleges that defendants made it impossible to do so. Therefore, defendants' motion is denied as to this claim. Bendt is the only defendant alleged to have denied defendant grievance forms. Therefore, all other defendants are dismissed. Thus, it is

ORDERED:

1. Defendants' motion to dismiss (Docket 14) is granted in part and denied in part. J. Berg, Todd Duncan, Gregory A. Kizziah, M. Smith and Steve Mertens are dismissed as defendants. Defendants' motion is granted as to Gonzalez's equal protection, retaliatory discipline,

9

retaliatory transfer, and retaliatory work reassignment claims. Defendants' motion is denied as to Gonzalez's retaliation claims against R. Bendt as described in Administrative Remedy Claims 787574 and 786567.

2. Gonzalez's motion in response (Docket 17) is denied as moot.

Dated January 4, 2017.

                         BY THE COURT:
                         /s/ *Karen E. Schreier*
                         KAREN E. SCHREIER
                         UNITED STATES DISTRICT JUDGE