UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GUADALUPE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>R. BENDT,<br><br>Defendant. | 4:16-CV-04038-KES<br><br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Guadalupe Gonzalez, was a federal inmate housed at the Federal Prison Camp in Yankton, South Dakota (FPC Yankton).[1] On March 17, 2016, Gonzalez filed a complaint under § 1983 alleging several violations of his constitutional rights by several defendants. Docket 1. Defendants moved to dismiss the complaint (Docket 14) and the court granted the motion in part and denied the motion in part. Docket 20. The remaining issue in this case is Gonzalez's claim that defendant, R. Bendt, violated Gonzalez's rights by denying Gonzalez access to grievance forms. Docket 20 at 9. Bendt moves for summary judgment on Gonzalez's claim. Docket 25.

**FACTUAL BACKGROUND**

Viewing the facts in the light most favorable to the non-moving party:

On September 9, 2012, Gonzalez's property arrived at FPC Yankton from his previous placement at the Federal Correctional Institution in Loretto, Pennsylvania (FCI Loretto). Docket 1 ¶ 2. A staff member at FPC Yankton

---

[1] Gonzalez was released from federal custody on May 12, 2017. Docket 28 ¶ 3.

would not permit Gonzalez to possess his book—Federal Aviation Regulations/Aeronautical Information Manual (FAR/AIM). *Id.* Gonzalez was permitted to have FAR/AIM at FCI Loretto. *Id.* On September 17, 2012, Gonzalez initiated the Bureau of Prison's administrative remedy process. *Id.* ¶ 3.

The Bureau of Prisons has a four-tiered administrative procedure for inmate grievances—a procedure codified at 28 C.F.R. § 542.10 *et seq.* The first step is informal resolution with prison staff. 28 C.F.R. § 542.13. Requests for Informal Resolution Forms (also referred to as BP-8) are not assigned a Remedy ID number and are not tracked. Docket 28 ¶ 7. If an inmate does not resolve his complaint with an informal resolution, he may proceed to the second step and file a formal Administrative Remedy at the institution where the inmate is incarcerated (BP-9). 28 C.F.R. § 542.14. The third step is for the inmate to file a Regional Office Administrative Remedy Appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15. And finally, the fourth step is for the inmate to file a Central Office Administrative Remedy Appeal (BP-11). *Id.*

Bendt denied Gonzalez's informal resolution request stating that Gonzalez was not participating in an approved post-secondary education course. *Id.* Gonzalez's subsequent appeals were similarly denied. *Id.* ¶¶ 3-4. On April 17, 2013, Gonzalez initiated the administrative remedy process again alleging that his copy of the FAR/AIM had been removed from FPC Yankton before his administrative remedy process was completed. *Id.* ¶ 5. Bendt again denied the informal resolution. *Id.*

Gonzalez claims that, as a result of his participation in the administrative remedy process, Bendt has retaliated against him. *Id.* ¶ 8. Specifically, Gonzalez states that he "was forced to file a BP-9 to Warden J.S. Willis because Mr. Bendt refused to supply [Gonzalez] with an informal resolution form, barring him from the administrative remedy process altogether." *Id.* ¶ 10. Later, Gonzalez states that "Mr. R. Bendt again refused to provide Mr. Gonzalez with a form BP-11 in order for him to be able to complete his administrative remedy process." *Id.* ¶ 11.

Gonzalez asserts an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Gonzalez alleges that Bendt retaliated against him by not providing Gonzalez with the necessary forms to complete his administrative appeal in violation of the First Amendment.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323

---

[2] Gonzalez initially filed this action under 42 U.S.C. § 1983. But § 1983 only applies where a state official violates an injured person's constitutional rights. *Id.* Bendt is not a state official—he is a federal official. Thus, this court interprets Gonzalez's action as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

(1986). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992) (quoting *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989)). On a motion for summary judgment, the facts and inferences drawn from those facts are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action for implied damages against federal officers in their individual capacities for violations of the Fourth Amendment. The Supreme Court recognized a *Bivens* remedy for violations of the Fifth Amendment and of the Eighth Amendment.

4

*Davis v. Passman*, 442 U.S. 228, 249 (1979); *Carlson v. Green*, 446 U.S. 14, 24 (1980). Several Circuits have found that a plaintiff may bring a *Bivens* claim for violation of the First Amendment. *Yiamouyiannis v. Chem. Abstracts Serv.*, 521 F.2d 1392, 1393 (6th Cir. 1975) ("We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation."); *Paton v. La Prade*, 524 F.2d 862, 870 (3d Cir. 1975) ("Thus, we believe the extension of the *Bivens* rule to violations of first amendment rights to be both justifiable and logical."); *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 14 F.3d 457, 464 (9th Cir. 1994) (finding that the plaintiffs sufficiently stated a *Bivens* claim under the First Amendment). But more recently the United States Supreme Court has exercised caution as to expanding the scope of *Bivens* actions, and some circuits have followed suit.

In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Supreme Court acknowledged that it had recognized three instances where a *Bivens* remedy is available: (1) a violation of the Fourth Amendment's prohibition on unreasonable searches and seizures; (2) a violation of the Fifth Amendment's Due Process Clause for gender-based discrimination; and (3) a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 1854-55. But the Court explained that it now expresses caution as to judicial findings of implied causes of action under congressional statutes. *Id.* at 1856. And that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (citing *Ashcroft v. Iqbal*, 556 U.S 662, 675 (2009)). The *Ziglar* Court laid out "[t]he proper test for determining whether a case presents a new *Bivens*

5

context is" to determine whether "the case is different in a meaningful way from previous *Bivens* cases decided by the Court." *Id.* at 1859.

If the case is meaningfully different from past cases, the court should then ask "if there is an alternative remedial structure present." *Id.* at 1858. Because "if Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.' " *Id.* at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (alterations in original)). Then the courts must weigh the "reasons for and against the creation of a new cause of action, the way common law judges have always done." *Wilkie*, 551 U.S. at 554 (citation omitted). "In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress . . . ." *Ziglar*, 137 S. Ct. at 1858.

The Third Circuit, which had previously found a *Bivens* cause of action under the First Amendment, changed its course in light of the Supreme Court's guidance. In *Vanderklok v. United States*, 868 F.3d 189 (3d Cir. 2017), the Third Circuit noted that it had previously permitted a plaintiff to pursue a claim under *Bivens* for a violation of her First Amendment rights in *Paton v. La Prade*. *Id.* at 198. But the court acknowledged that "judicial attitudes about the creation of new causes of action have changed considerably." *Id.* at 200.

Utilizing the inquiry laid out in *Wilkie* and *Ziglar*, the Third Circuit Court of Appeals ultimately determined that "in the specific context of airport security screeners, special factors preclude [it] from implying a *Bivens* cause of action for First Amendment retaliation." *Id.* at 209.

### A. Gonzalez's claim is meaningfully different.

A case may be meaningfully different:

> [B]ecause of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar*, 137 S. Ct. at 1860. Gonzalez alleges that Bendt violated his First Amendment rights by refusing Gonzalez access to administrative remedy forms in retaliation for Gonzalez's previous administrative complaints. Because the Supreme Court has never implied a *Bivens* cause of action for First Amendment retaliation, Gonzalez's claim involves a different constitutional right and is meaningfully different from previous *Bivens* cases.

### B. There are special factors counselling hesitation.

"The [Supreme] Court's precedents now make clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). The Supreme Court has not defined what a special factor is, but has stated "that the inquiry must concentrate on

7

whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. Gonzalez alleges that Bendt retaliated against him for exercising his access to the administrative process. Gonzalez alleges that Bendt retaliated by not providing Gonzalez with required administrative forms when Gonzalez tried to utilize the administrative process a second time.

The Supreme Court has previously declined to create an implied damages action in a First Amendment suit against a federal employee in *Bush v. Lucas*, 462 U.S. 367 (1983). In *Bush*, the Court declined to recognize a *Bivens* action because the cost, time, and energy associated with defending a *Bivens* action from a federal employee are significant and Congress is in a better position to evaluate the need for a damages action in a First Amendment suit against a federal employee. *Id.* Thus, the Court found there were "special factors counselling hesitation." *Id.* at 390.

Here, the court also finds that the cost, time, and energy associated with defending a *Bivens* action brought by an inmate for an action based on retaliation under the First Amendment against a federal employee are significant. The court finds that there are "special factors counselling hesitation" and declines to find a *Bivens* remedy for an inmate alleging retaliation under the First Amendment against a federal official.

## CONCLUSION

In conclusion, the Supreme Court has not recognized a *Bivens* remedy for claims of retaliatory denials of administrative remedies. And recently, the Supreme Court has expressed its hesitation to recognize additional *Bivens* remedies and in *Ziglar v. Abbasi* laid out the process to determine if a *Bivens* remedy is appropriate. Utilizing the approach in *Ziglar*, the court declines to find a *Bivens* remedy in this case because there are "special factors counselling hesitation." Thus, it is

ORDERED that defendant's motion for summary judgment (Docket 25) is GRANTED.

DATED March 28, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE